UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLARENCE WARFIELD             CIVIL ACTION NO. 09-cv-0361

VERSUS                           JUDGE HICKS

WARDEN, LOUISIANA STATE         MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

### Introduction

A Caddo Parish jury convicted Clarence Eugene Warfield ("Petitioner") of simple burglary. He was adjudicated a fourth-felony habitual offender, and he received a natural life sentence. Petitioner pursued a direct appeal. State v. Warfield, 859 So.2d 307 (La. App. 2d Circ. 2003), writ denied, 893 So.2d 87 (La. 2005). He also pursued a post-conviction application in the state courts. He now seeks federal habeas relief. For the reasons that follow, it is recommended that his petition be denied.

### Habitual Offender Adjudication

Petitioner has argued since his direct appeal that the State did not prove the necessary kind of prior felonies to trigger a mandatory life sentence under the habitual offender statute. The statute in effect at the time provided that any person who, after having been convicted within this state of a felony "thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows." La. R.S. 15:529.1(A)(1). The statute then proceeded to establish the sentences for second and third felony offenders. The

statute then provided for sentencing when the offender has committed four or more felonies.

It provided:

> (c)  If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
>
> * * *
>
> (ii)  *If the fourth felony and two of the prior felonies are* felonies defined as a crime of violence, [certain sex offenses or serious drug offenses], or of any other crime *punishable by imprisonment for 12 years or more*, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (Emphasis added.)

Petitioner's conviction in this case was for simple burglary, the maximum sentence for which was 12 years.  La. R.S. 14:62.  His habitual offender bill of information charged him with having been convicted of four earlier felonies.  Tr. 68.  Records from those criminal proceedings, together with testimony from a fingerprint expert, established that Petitioner was the person convicted of those earlier crimes.  They are as follows:

> (1)  Simple burglary in 1984 in Docket No. 125,024.  Six-year sentence.
>
> (2)  Simple burglary in 1991 in Docket No. 153,877.  Five-year sentence.
>
> (3)  Possession of Schedule II CDS, cocaine, in 1996 in Docket No. 177, 859A.  Two-year sentence.
>
> (4)  DWI, third offense, in 1999 in Docket No. 204,146.  Three-year hard labor sentence suspended; sentenced to six months in parish jail.

At the habitual offender hearing, the prosecution offered evidence of a conviction of yet another simple burglary in Docket No. 148,702.  Defense counsel objected that the

conviction in that case was not charged in the habitual offender bill of information.  The prosecutor agreed and withdrew the proposed exhibits in connection with that conviction. Tr. 199 - 200.  He argued at the conclusion of the hearing that "three of these felonies, including the instant offense, are for the crime of simple burglary" for which the maximum sentence is 12 years, so that Petitioner was subject to a mandatory life sentence under Section 529.1.  Tr. 209.  Defense counsel offered no contrary argument, and the court found that Petitioner was a fourth-felony offender.  Tr. 209.  The judge later imposed what he described as "an automatic sentence" of life imprisonment.  Tr. 213.

Petitioner's appellate counsel argued on direct appeal that when the conviction in No. 148,702 (the one withdrawn by the prosecutor) is eliminated, "there do not exist two prior felonies punishable by twelve or more years as a basis for a life sentence."  Tr. 228.  Counsel did not elaborate, but Petitioner contends that the drug and DWI convictions were not punishable by 12 years or more.  Counsel's argument, which Petitioner continues to press in this court, overlooks that even without the withdrawn burglary conviction there was proof of a 1983 conviction for simple burglary and a 1991 conviction for simple burglary, in addition to the 2002 conviction for simple burglary in this case.  Thus, the instant felony and two of the prior felonies were punishable by 12 years imprisonment, and the statute was satisfied.

The state appellate court rejected the argument on direct appeal, noting that four prior felonies other than the charge in No. 148,702 were proven.  State v. Warfield, 859 So.2d at 308-10.  It appears Petitioner filed a pro se application with the Supreme Court of Louisiana,

consisting of a completed cover sheet and a copy of the brief filed in the appellate court.  Tr. 256-67.  The Supreme Court denied the writ, citing State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996), which held that "La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction." Tr. 268.  The Court may have been confused by the pro se filing and mistaken the direct-appeal writ application for one in a post-conviction proceeding.

Petitioner did later pursue similar arguments in a post-conviction application. The trial and appellate courts denied relief on the grounds that the issues had been litigated on direct appeal and denied on the merits.  Tr. 337 and 378.  The Supreme Court of Louisiana denied writs, again citing Melinie and Article 930.3, suggesting the Court declined review because sentencing issues are not subject to review in a post-conviction proceeding.  Tr. 400.

Petitioner continues to press a version of this argument under the heading of issue one in his habeas petition.  The argument is really in the nature of a challenge to the sufficiency of the evidence. In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979).  The Jackson standard has been applied in challenges to the sufficiency of the evidence in an habitual offender hearing. French v. Estelle, 692 F.2d 1021 (5th Cir. 1982); Caddell v. Quarterman, 2007 WL 655759 (S.D. Tex. 2007).

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

The review of the record above shows that the State proved the requisite kind and number of prior felonies to trigger the mandatory life sentence provision of Section 529.1. Petitioner argues that the state courts did not address this claim on the merits, warranting de novo habeas review. See Salts v. Epps, 676 F.3rd 468 n. 46 (5th Cir. 2012); Powell v. Quarterman, 536 F.3d 325, 343 (5th Cir. 2008). But no matter what standard is applied, the facts are in the record, and they show that Petitioner was subject to a mandatory life sentence.

Petitioner makes another attack on the habitual offender adjudication, based on the order in which his prior convictions were listed in the charging instrument. The bill of information listed Petitioner's instant conviction as well as four felony convictions that preceded it. The instrument described those four convictions in separate paragraphs, with the first beginning: "The first felony conviction was SIMPLE BURGLARY, to which he pled guilty ... ."  The instrument similarly described the other prior convictions in chronological order, ending with, "The fourth felony conviction was DWI 3RD, to which he pled guilty ... ."  Tr. 68.

Petitioner argues that the habitual offender statute mandates that the "fourth felony conviction" be a crime of violence or carry a penalty of 12 or more years.  Petitioner contends that the natural-life provision of the habitual offender statute is inapplicable because the DWI Third – labeled the fourth felony in the bill –  carried a maximum sentence of only five years.  It does not appear Petitioner pressed this version of his argument in his post-conviction application.  Tr. 268-89.  The failure to properly present the claim to the state court and exhaust state court remedies precludes habeas relief, 28 U.S.C. § 2254(b)(1)(A), and the State has raised exhaustion as a defense to this claim.

Furthermore, the section of the statute  at issue begins by referring to the "fourth *or subsequent* felony." (Emphasis added.)  When, later in the same section, the statute refers to the "fourth felony," the most reasonable construction is that the statute is referring to the instant felony for which the person is being sentenced, whether it truly be his fourth or fourteenth. A person is not able to commit a string of felonies but avoid the full reach of the habitual offender statute by ensuring that his fourth felony conviction is for a crime with a maximum sentence of less than 12 years.

**Simple Burglary and the Penalty Requirement**

The provision in La. R.S. 15:529.1(A)(1)(c)(ii) required that a certain number of the felonies have been "punishable by imprisonment for 12 years or more."  Louisiana law provides that whoever commits the crime of simple burglary shall be fined, "imprisoned with or without hard labor for not more than 12 years, or both."  La. R.S. 14:62(B).  Petitioner

argues that simple burglary is punishable by 12 years or less, not 12 years or more, so it does not trigger the habitual offender statute.

Petitioner raised this argument in his post-conviction application (Tr. 289-91), but the trial and appellate courts mistakenly determined that the claim had been fully litigated on appeal.  Tr. 326 and 378.  The Supreme Court of Louisiana denied a writ application with reference to Melinie, which held that Louisiana procedural law does not allow review of sentencing errors in a post-conviction proceeding. The Court has also held that "[a]n habitual offender adjudication [] constitutes sentencing for purposes of Melinie." State v. Cotton, 45 So.3d 1030 (La. 2010).

Federal courts have recognized Melinie as an independent and adequate state law grounds for dismissal that procedurally bars review of a claim by a federal court in a habeas proceeding.  Hull v. Stalder, 2000 WL 1598016 (5th Cir. 2000); Young v. Rader, 2011 WL 7656227, *11 (E.D. La. 2011).  Petitioner may be excused from this procedural default only if he can show cause for his default and prejudice attributed thereto. The State did not raise the procedural bar defense, but the court may do so sua sponte if it provides an opportunity for Petitioner to attempt to meet his burden with respect to cause and prejudice.  Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).  The bar is invoked, and Petitioner may attempt to overcome it by articulating grounds for cause and prejudice in any objections he files.

In the alternative, the claim lacks merit.  Louisiana courts routinely include simple burglary as a crime punishable by imprisonment for 12 years or more.  See, e.g., State v. Authier, ___ So. 3d ___, 2012 WL 1414252 (La. App. 2d Cir. 2012); State v. Austin, ___ So.

3d ___, 2011 WL 3556915 (La. App. 1st Cir. 2011); and State v. Winslow, 55 So.3d 910, 916 (La. App. 2d Cir. 2010) (life sentence mandated for fourth-felony offender when two prior felonies were simple burglaries).  That is a sound construction of the statute.

Petitioner makes a similar argument that the statute does not include within its scope a felony for which a person could receive a sentence of less than 12 years.  He contends that the statute requires the prior felonies mandate sentences of 12 years or more.  His interpretation ignores the provision in the statute that the crime be "punishable" by imprisonment for 12 years or more.  The statute does not require that such punishment be mandated or actually imposed. The argument is also subject to the procedural bar raised above.

**Habitual Offender Statute Allows Discrimination**

Petitioner argues that the multiple offender statute violates the equal protection and due process clauses of the Fourteenth Amendment because it allows the prosecution open-ended discretion to determine which multi-felons will be subjected to a life sentence  He contends that, depending on which provision of the statute a prosecutor invokes, two people with the same felony history could receive different habitual offender sentences, one being a term of years and the other being life.

This sentence-related claim, first raised on post-conviction, is subject to the procedural bar defense invoked above.  It also lacks merit.  Petitioner does not contend that there was actual discrimination in the application of the statute in his case.  He merely complains about

the potential for discrimination or abuse of prosecutorial discretion when the statute is applicable.

The prosecutor does have the discretion to charge a person under various prongs of the statute, but that does not make it unconstitutional. A prosecutor also has discretion as to whether to invoke the statute at all, and that is a common issue in the negotiation of plea bargains. It is the nature of our criminal law system that prosecutors have a great deal of discretion as to which crimes to charge and sentences to seek. The mere potential for that discretion to be abused does not require that Petitioner's conviction or sentence be vacated.

**Mandatory Life Violates the Eighth Amendment**

Petitioner argues here, as he did in his post-conviction application (Tr. 294-96), that a natural life sentence for simple burglaries, third offense DWI, and possession of cocaine is grossly disproportionate to the severity of the crimes and violates the Eighth Amendment's ban on cruel and unusual punishments.  This claim is also subject to the procedural bar invoked above. The Supreme Court of Louisiana refused to hear it because sentencing challenges may not be raised in a post-conviction application.

Petitioner also argued on direct appeal that the sentence was grossly disproportionate. He framed the argument under state law, but the governing principles are similar to federal law. In the event a federal claim was exhausted on the direct appeal, the Supreme Court's citation of Melinie in denying the writ application on direct appeal would not serve as a procedural bar. Melinie has no application to direct appeals. A federal court may not second-guess a state court's rule of procedure, but it need not honor the procedural bar if the

state court's application has no foundation in the record or basis in state law. Singleton v. Cooper, 2012 WL 1596945, *11 (E.D. La. 2012).

Assuming a federal proportionality claim was exhausted on direct appeal, it would lack habeas merit. The best case for Petitioner is Solem v. Helm, 103 S.Ct. 3001 (1983), which struck down a sentence of life without parole for a man who was convicted of writing a "no account" check for $100 and who had three prior convictions for third-degree burglary, one prior conviction for obtaining money under false pretenses, one prior conviction of grand larceny, and one prior conviction of third-offense DWI. The majority found the sentence was significantly disproportionate to the crime, and Solem prevailed.

"In other cases, however, it has been difficult for the challenger to establish a lack of proportionality." Graham v. Florida, 130 S.Ct. 2011 (2010). In Harmelin v. Michigan, 111 S.Ct. 2680 (1991) the offender was sentenced to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. Another closely divided Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's three-strikes statute. Ewing v. California, 123 S.Ct. 1179 (2003).

The Court in Lockyer v. Andrade, 123 S.Ct. 1166 (2003) reviewed its decisions and rejected a habeas attack on two consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions, capped by felony petty-theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief because it was not contrary to or an unreasonable application of clearly established gross disproportionality principle set forth in Supreme

Page 10 of  15

Court holdings. The Court admitted that its precedents in the area were not clear, which makes it quite difficult to obtain habeas relief under the deferential Section 2254(d) standard.

A determination of whether a sentence is grossly disproportionate for a particular crime begins by comparing the gravity of the offense and the severity of the sentence. Graham, 130 S.Ct. at 2022. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. Id.; McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.1992). The court must be mindful that the sentence is imposed to reflect the seriousness of the most recent offense, not as it stands alone, but in the light of the prior offenses. McGruder, supra.

Petitioner's life sentence for burglary, after committing two earlier burglaries and two other felonies, is not shocking. The facts show that Petitioner smashed a window and broke into a liquor store. Police responded and formed a perimeter outside. Petitioner slipped out a back door, triggering a foot chase and capture by the police. Petitioner possessed liquor and cigarettes that he took from the store, plus cash that he took from a cash register he pried open. His criminal history shows that sentences of even several years for past burglaries were not adequate to deter Petitioner from continuing his life of crime. There is no reason to believe that another lesser sentence would have finally taught Petitioner a lesson. Locking him up and getting him out of society was likely the only way to stop him from committing more burglaries and other felonies. Other career burglars have received life sentences under

the habitual offender statute. <u>See</u>, <u>e.g.</u>, <u>State v. Brady</u>, 2011 WL 2135452 (La. App. 1st Cir.

2011). The sentence was not grossly  disproportionate to the crime, in light of the prior

offenses.[1] As in <u>Lockyer</u>, the state court's rejection of the argument was not contrary to, or

an unreasonable application of, clearly established federal law as determined by the Supreme

Court.

**Ineffective Assistance of Counsel**

Petitioner argues that his trial counsel was ineffective when she did not object at the

habitual offender hearing that the bill of information did not contain three simple burglary

convictions as represented by the prosecutor and that the "fourth felony" of DWI Third did

not meet the statutory requirements because it carried only a five-year maximum sentence.

For the reasons explained above, any such objections would have lacked merit.  Failure of

counsel to make meritless objections or file futile motions is not ineffective assistance.

<u>Johnson v. Cockrell</u>, 306 F.3d 249, 255 (5th Cir. 2002); <u>Clark v. Collins</u>, 19 F.3d 959, 966

(5th Cir. 1994).

Petitioner argues that his appellate counsel, in her brief, incorrectly informed the

appellate court that Petitioner had been convicted of armed robbery.  Counsel did mistakenly

say that the prior convictions included armed robbery.  Tr. 226.  To prevail on a claim of

_____

[1] The defendant in <u>State v. Smith</u>, 734 So.2d 826, 834 (La. App. 4th Cir. 1999) was
adjudicated a third-felony offender and sentenced to life imprisonment.  His convictions
were distribution of cocaine, purse snatching, and simple burglary.  The Fifth Circuit
rejected a challenge to the sentence when presented on habeas review.  <u>Smith v. Cain</u>,
2001 WL 498441 (5th Cir. 2001).

ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland v. Washington, 104 S.Ct. 2052 (1984). Even if it is assumed the first prong is satisfied, there is no reasonable probability that the result would have been different had counsel not made this mistake. The state appellate court set forth in detail the facts surrounding each of the prior convictions at issue. State v. Warfield, 859 So.2d at 308-09. The court never mentioned the mistakenly-referenced armed robbery, so there is no hint that counsel's mistake had any effect on this case.

Petitioner next argues that appellate counsel should have made the argument that the fourth felony listed on the bill of information carried a sentence of only five years, not 12, so did not meet the requirements of the habitual offender statute. When a petitioner claims that counsel omitted an issue that should have been argued, the petitioner must show that had the issue been raised there was a reasonable probability that he would have won on appeal. Smith v. Robbins, 120 S.Ct. 746, 764 (2000); Moreno v. Dretke, 450 F.3d 158, 168 (5th Cir. 2006). The court addressed the underlying issue above and found that it lacked merit, so appellate counsel was not ineffective for not raising it.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE